OMAR FERRER
v.
CAITLIN HARWOOD AND STATE FARM INSURANCE COMPANY
No. 2008 CA 2455.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication
KELLY E. BALFOUR, Baton Rouge, LA Attorney for Plaintiff-Appellee, Omar Ferrer.
KATHERINE M. LAPORTE, Baton Rouge, LA, Attorney for Defendant-Appellant State Farm Mutual Automobile Insurance Company.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C. J.
Following a bench trial on the merits in the Nineteenth Judicial District Court, defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals a judgment awarding $50,000.00 in damages to plaintiff, Omar Ferrer, plus legal interest and costs.[1] The damage award was for a neck injury that the trial court found to be causally related to a rear-end collision that the parties had stipulated was the fault of State Farm's insured. The only issues at trial were causation of Mr. Ferrer's injuries (taking into consideration a subsequent work injury) and damages. On appeal, State Farm argues the trial court manifestly erred in concluding that Mr. Ferrer suffered a disc herniation in his neck as a result of the car wreck, and alternatively, State Farm maintains the trial court abused its discretion in the damage amount awarded to Mr. Ferrer for a minor whiplash neck injury of short duration.
It is well settled in Louisiana law that a trial court's findings of fact may not be reversed absent manifest error or unless clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). The reviewing court must do more than just simply review the record for some evidence that supports or controverts the trial court's findings; it must instead review the record in its entirety to determine whether the trial court's findings were clearly wrong or manifestly erroneous. Id. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Id. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id., 617 So.2d at 882-883. The manifest error standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus, where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
Furthermore, where documents or evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error in a finding purportedly based upon a credibility determination. Id., 549 So.2d at 844-845. But where such factors are not present, and a fact finder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Id.
After a thorough review and evaluation of the entire record, we are convinced the trial court's conclusions are not erroneous. The trial court specifically found that Mr. Ferrer "established his injury of [disc] herniation at the C5-[to]-6 level on the left hand side and has established the accident as the cause thereof. The court has considered a complaint of the neck pain shortly [after the date of the accident] and as of [the] date of trial [Mr. Ferrer] was still complaining about that." We find no manifest error in these factual conclusions.
The record reasonably supports the finding that Mr. Ferrer sustained a disc-herniation injury to his neck as a result of the car accident, rather than as a result of the work accident that occurred two months later. The trial court obviously considered and believed Mr. Ferrer's testimony and explanations regarding the history of his injuries, his pre-existing medical problems, and how he reported his pain, as well as his statement that his neck pain after the car accident had not resolved prior to his work injury and up to the date of trial. The trial court also clearly relied on the expert medical opinion testimony of Dr. J. Michael Burdine, the only physician to have treated Mr. Ferrer immediately after the car accident, as well as the work accident, for a period of more than three years. Dr. Burdine opined in his deposition testimony that the car accident caused Mr. Ferrer's C5-6 disc herniation. No other doctor had a complete history of Mr. Ferrer's injuries and symptoms. Finding no manifest error in the trial court's factual conclusions, State Farm's assignment of error on causation is without merit.
Furthermore, the trial court specifically stated that the damage award of $50,000.00 was "reduced substantially from what the court would otherwise award for herniation[,]" because the parties had stipulated that the amount in controversy did not exceed $50,000.00. Noting the seriousness of a disc herniation injury, we find that the amount of damages awarded in this case does not constitute an abuse of discretion. Thus, we may not disturb the trial court's award. See Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260-1261 (La. 1993), cert.denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). State Farm's assignment of error on damages is without merit.
For the above and foregoing reasons, we affirm the judgment of the trial court and assess all costs associated with this appeal against defendantappellant, State Farm Mutual Automobile Insurance Company. We issue this memorandum opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.IB.
AFFIRMED.
NOTES
[1] State Farm was incorrectly referred to as "State Farm Insurance Company" in the petition and caption in this case. The other named defendants, Caitlin Harwood and Liberty Mutual Insurance Company, were dismissed prior to trial.